UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JERRY TUCKER, et al.,

    Plaintiffs,

v.

JP MORGAN CHASE BANK, N.A., et al.,

    Defendants.

2:10-CV-959 JCM (LRL)

**ORDER**

Presently before the court is defendants JP Morgan Chase Bank, N.A., et al's motion to dismiss first amended complaint. (Doc. #16). Plaintiffs Jerry Tucker, et al filed an opposition. (Doc. #24). Defendants filed a reply in support of the motion. (Doc. #25). Plaintiffs filed a supplement to plaintiffs' opposition to the motion to dismiss. (Doc. #29).

Plaintiffs' complaint against defendants Chase Home Finance, LLC ("CHC"), JPMorgan Chase Bank, N.A. ("JPMCB"), EMC Mortgage Corporation ("EMC"), California Reconveyance Corporation ("CRC"), Washington Mutual, Inc. ("WaMu"), First American LoanStar Trustee Services, LLC ("First American"), and National Default Servicing Corporation ("National Default"), was filed on May 7, 2010. On June 10, 2010, plaintiffs Jerry Tucker, Poonkothai and Yogarajah Balarajan, William Burchick, Kelley Jackson, Maria Lopez, Anthony and Tina Roe, Michael Stratton, Norman Tate, and Maria Thomas voluntarily dismissed First American and National Default. On June 18, 2010, defendants removed the case to this court. (Doc. #1).

Plaintiffs assert in their complaint that they each maintain loans with defendants (referred to

**James C. Mahan**
**U.S. District Judge**

collectively in plaintiffs' complaint as "defendants"), and that CHF "assumed all servicing duties" for WaMu and EMC, CHF is the lender of record for plaintiffs' loans that were previously held or serviced by WaMu and EMC, and CHF "now owns and/or services all of plaintiffs' loans." Further, they allege that they each meet all the qualifications to be considered for the Home Affordable Modification Program ("HAMP"), but that defendants "have, or are currently, refusing to negotiate with the [p]laintiffs in good faith" as required under the program.

The plaintiffs' complaint contains causes of action against all of the defendants for; (1) declaratory relief, (2) injunctive relief, (3) breach of contract, (4) breach of good faith and fair dealing, (5) inspection and accounting, (6) slander of title, (7) unfair lending practices under Nev. Rev. Stat. § 598D.100, and (8) deceptive trade practice under Nev. Rev. Stat. §§ 598.0915 and 598.0923.

**Defendant's Motion to Dismiss**

As stated above, plaintiffs voluntarily dismissed First American and National Default. Therefore, the court will only address the plaintiffs' claims against remaining defendants. Defendants' motion to dismiss (doc. # 16) asserts, among other things, that plaintiffs have failed to state a claim as required under Federal Rule of Civil Procedure 8.

Fed. R. Civ. P. 8 requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009). To survive a motion to dismiss, plaintiffs' complaint must "contain sufficient factual matter accepted as true, to 'state a claim to relief that is plausible on its face,'" and must not consist of "'naked assertion[s]' devoid of 'further factual enhancement'." *Id.* at 1949, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). Further, "a claim must be stated clearly enough to provide each defendant a fair opportunity to frame a responsive pleading." *McHenry v. Renne,* 84 F.3d 1172, 1176 (9th Cir. 1996).

**A. Plaintiffs' Complaint Lumps All Defendants Together.**

Defendants assert that the complaint should be dismissed because plaintiffs lump all of the defendants and plaintiffs together and refer to them collectively throughout each one of the eight

counts. They assert that the complaint fails to inform each individual defendant of its respective wrongdoing.

### 1. Claims Against CRC

Defendants assert that defendant CRC is referred to in the factual allegations only as one of the three entities who were acting as trustee and were "pursuing the foreclosure against the [p]laintiffs." Plaintiffs make this statement, yet fail to identify what CRC has done wrong. The plaintiffs never allege which of them CRC attempted to foreclose upon, nor specify any other factual allegation regarding CRC.

Under Fed. R. Civ. P. 8, this does not provide CRC with anything more than a "naked assertion," and does not provide it with enough information to frame a responsive pleading. Fed. R. Civ. P. 8; *Iqbal* at 1949. The complaint is insufficient to support a cause of action against defendant CRC. Therefore, all causes of action with regards to defendant CRC are dismissed.

### 2. Count VIII for Deceptive Trade Practices

A claim for fraud must be pled with particularity under Federal Rule of Civil Procedure 9(b). *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999). To meet this standard, plaintiff must present details regarding the "time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Com. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). Further, the plaintiffs' complaint must put the defendant on notice of the particular misconduct the defendants are alleged to have committed so that the defendants can properly defend against all allegations. *Vess v. Ciba-Geigy Corp. USA,* 317 f.3d 1097, 1104-05 (9th Cir. 2003).

Fed. R. Civ. P. 9(b) "does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG,* 476 F.3d 756, 764-65 (9th Cir. 2007).

Plaintiffs assert that defendants engaged in deceptive trade practices in violation of NRS § 598.0915 and NRD § 598.092. However, plaintiffs fail to meet the heightened pleading standard required when claiming fraud, and lump defendants together in violation of Fed. R. Civ. P. 9(b).

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  Plaintiffs merely assert that "defendants engaged in deceptive trade practices" and did so
2  intentionally. Therefore, count VIII is dismissed as to all defendants.

3  **B. Private Right of Action Under HAMP.**

4  Plaintiffs' I, II, III, and IV claims are based on the defendants alleged failure to comply with
5  HAMP guidelines. Plaintiffs assert that they are the third party beneficiaries of the contract, and can
6  sue for the breach thereof. Defendants assert that there is no private right of action under HAMP, and
7  that the claims must be dismissed.

8  **1.  Count I for Declaratory Relief.**

9  Plaintiffs assert that defendants "committed and continue to commit unfair lending practices
10 in violation of NRS 598D" and violated the truth in lending laws, and ask for declaratory relief
11 finding that defendants "continue to breach the loan agreements and contracts at issue herein."
12 However, as stated above, plaintiffs fail to adequately plead by whom and when the violations
13 occurred as required under Fed. R. Civ. P. 8 and 9. Therefore, this court is not inclined to grant
14 declaratory relief with regards to alleged violations of truth in lending laws.

15 Further, plaintiffs allege that defendants violated the HAMP guidelines and request that this
16 court declare that defendants are "obligated to follow HAMP and engage in good faith negotiations
17 with plaintiffs," and that defendants are "in violation of HAMP guidelines by continuously failing
18 to engage in good faith negotiations with [p]laintiffs."

19 However, as defendants assert and numerous courts have ruled, there is no private right of
20 action under the HAMP program. *See Manabat v. Sierra Pac. Mortg. Co.,* No. CV F 10-1018 LJO
21 JLT, 2010 WL 2574161 (E.D. Cal. June 25, 2010) (dismissing plaintiff's wrongful foreclosure claim
22 because there is no private right of action for HAMP violations against lenders that receive HAMP
23 funds); *Simon v. Bank of Am., N.A.,* No. 10-cv-00300-GMN-LRL, 2010 WL 2609436, at *7 (D. Nev.
24 June 23, 2010) ("[C]ourts have consistently held that the Home Affordable Modification Program
25 does not provide borrowers with a private cause of action against lenders for failing to consider their
26 application for loan modification, or even to modify an eligible loan.") Therefore, the plaintiffs'
27 claim for declaratory relief under HAMP cannot survive.

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

### 2.     Count II for Injunctive Relief.

In their second claim for injunctive relief, plaintiffs assert that their properties face foreclosure as a result of defendants failure to respond to the requests for financial assistance as required by HAMP. They assert that a court order is necessary to prevent the foreclosures and eviction proceedings. Defendants assert that since no private right of action exists, plaintiffs' claim for injunctive relief should be denied. As stated above, since no private right under HAMP exists, this court is inclined to dismiss the claim for injunctive relief. *Id.*

Further, as defendants assert and this court agrees, plaintiffs' claim for injunctive relief cannot survive because it is a remedy and not an independent cause of action.

### 3.     Count III for Breach of Contract.

Plaintiffs' complaint alleges that defendants breached the loan agreements/contracts between the parties. Plaintiffs assert that defendants failed to adequately and accurately disclose certain information that was required of them. However, plaintiffs fail to provide the defendants with which contracts and terms were breached and by whom, as required under Fed. R. Civ. P. 8. The plaintiffs once again lump the defendants together and fail to provide the defendants with a basis to form a responsive pleading. *Renne,* at 1172, 1176. Without adequately pleading their breach of contract claim with regards to the loan agreements/contracts, the claim is dismissed.

Further, plaintiffs allege breach of contract under the HAMP agreement, and assert that plaintiffs are third party beneficiaries. However**,** as the court has previously stated, no private right under HAMP exists, and the plaintiffs are not third party beneficiaries of the HAMP contract and do not have the ability to enforce such a contract. *Id.* Thus, the plaintiffs' claim for relief for breach of contract under HAMP is dismissed.

### 4.     Count IV for Breach of Good Faith and Fair Dealing.

The plaintiffs assert a cause of action for breach of good faith and fair dealing, stating that defendants had a duty to (1) pay at least as much consideration to plaintiffs' financial interests as to their own, (2) to attempt to modify plaintiffs loans by entering into negotiations with plaintiffs in good faith, and (3) to comply with all applicable laws of the State of Nevada and published HAMP

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  guidelines and requirements under the HAMP contracts.

2  The Ninth Circuit has recognized that *no* duty exists between lenders and debtors, and held
3  that they are "adversaries, not fiduciaries." *Giles v. Gen. Motors Acceptance Corp.,* 494 F.3d 865,
4  882 (9th Cir. 2007). Therefore, the defendants' alleged duty to "pay at least as much consideration
5  to plaintiffs' financial interests as to their own," fails, because defendants do not owe such a duty
6  to plaintiffs.

7  The next two duties alleged to have been breached by defendants deal with the HAMP
8  contracts. As previously stated by the court, the plaintiffs do not have a private right of action under
9  HAMP and are not third party beneficiaries. *See Manabat v. Sierra Pac. Mortg. Co.,* No. CV F 10-
10 1018 LJO JLT, 2010 WL 2574161 (E.D. Cal. June 25, 2010); *Simon v. Bank of Am., N.A.,* No. 10-
11 cv-00300-GMN-LRL, 2010 WL 2609436, at *7 (D. Nev. June 23, 2010). Therefore, the defendants
12 did not have a duty to either attempt to modify plaintiffs' loans by entering into negotiations with
13 plaintiffs in good faith, nor to comply with all applicable laws of the State of Nevada and published
14 HAMP guidelines and requirements under the HAMP contracts. Thus, plaintiffs' claim for relief for
15 breach of good faith and fair dealing is dismissed.

16 **C. Count V for Inspection and Accounting.**

17 In the complaint, plaintiffs allege that defendants failed to disclose requested information and
18 assert a cause of action for inspection and accounting. However, as this is a remedy and not a cause
19 of action, this court need not address this claim. Therefore, it is dismissed.

20 **D. Count VI for Slander.**

21 Plaintiffs allege that defendants "have slandered the title to the subject properties owned by
22 plaintiffs." For a cause of action to succeed for slander of title, plaintiffs must show that defendants
23 made "false and malicious communications, disparaging to one's title in land, and causing special
24 damage." *Higgins v. Higgins,* 103 Nev. 443, 445, 744 P.2d 530, 531 (Nev. 1987) (citations omitted).

25 In the complaint, plaintiffs have failed to state *what* communications were false, *how* the
26 defendants acted with malice, and *what* special damages they suffered, as required by Rule 8. Fed.
27 R. Civ. P. 8. Therefore, the plaintiffs' claim for slander of title is dismissed.

28

**James C. Mahan**
**U.S. District Judge**

- 6 -

**E. Count VII for Unfair Lending Practices- NRS §598D.**

In the plaintiffs' complaint, they assert that defendants violated NRS §598D by failing to "determine, using commercially reasonable means, that plaintiffs had the ability to repay the loans." However, the complaint contains no factual allegations of acts or omissions that would support such a violation. Absent any facts supporting this allegation as required by Rule 8, plaintiffs' claim for unfair lending practices is dismissed. Fed. R. Civ. P. 8.

**F. Claims Arising Under the Federal Truth in Lending Act.**

In the plaintiffs' I and III claims, they assert that defendants have "violated truth in lending laws," and failed to "adequately or accurately disclose among the following: APR, method of determining the finance charge, balance, actual finance charge, total payments, amount financed, number of payment, and due dates." In these claims, plaintiffs appear to be seeking relief under Truth in Lending Act ("TILA") pursuant to 15 U.S.C. §§1638(a)(2)-(6).

Under TILA, a plaintiffs' claims are barred unless they are filed within a one-year period after the consummation of the transaction. 16 U.S.C. §1640(e). *King v. State of Cal.,* 784 F.2d 910, 915 (9th Cir. 1986). Being that plaintiffs consummated their transactions between July 1, 2005 and August 5, 2008, and did not file suit until May 7, 2010, they are unable to bring these claims. Therefore, plaintiffs are barred from asserting violations of truth in lending laws in their I and III claims for relief.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendants JP Morgan Chase Bank, N.A., et al's motion to dismiss first amended complaint (doc. #16) be, and the same hereby is, GRANTED.

DATED January 25, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 7 -